SENDAR & KAY CO., INC. *v.* UNITED STATES

**No. 7474.**—Invoices dated Tunstall, England, August 30, 1941, etc.
Certified September 15, 1941, etc.
Entered at New York, N. Y., October 17, 1941, etc.
Entry No. 720127, etc.

(Decided December 11, 1947)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

JOHNSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

JAFFE, ROSE & CO., INC. *v.* UNITED STATES

**No. 7475.**—Invoice dated London, England, April 29, 1942.
Certified May 12, 1942.
Entered at New York, N. Y., May 25, 1942.
Entry No. 18035.

(Decided December 11, 1947)

*Siegel, Mandell & Davidson* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

JOHNSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.